RECEIVED

AUG 1 5 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 06-60023-02 |
| VS. | JUDGE DOHERTY |
| KERRY PARFAIT | MAGISTRATE JUDGE METHVIN |

## ORDER REQUIRING SUBMISSION OF SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS

Before the undersigned magistrate judge is the motion to suppress filed by defendant Kerry Parfait on August 8, 2006.[1] Parfait seeks to suppress "any physical evidence," particularly evidence obtained during a warrantless automobile inventory search of the vehicle in which he was riding as a passenger at the time of his arrest on July 23, 2005. Defendant also contends that his arrest was illegal inasmuch as there was no probable cause supporting it.

Defendant's motion is unsupported by any affidavit or declaration subject to penalties of perjury. Furthermore, some of the factual allegations in his motion are vague and conclusory. For instance, the defendant asserts:

> Kerry Parfait assertes that any physical evidence, of any kind, nature or description, and particularly any evidence obtained during a warrantless automobile "inventory" search of the vehicle defendant was a passenger [in] at the time of arrest on July 23, 2005, should be suppressed and that if such purported evidence, testimonial or physical, was secured by any law enforcement officer, of Vermilion Parish, or anyone representing him, same was secured in violation of his constitutional and statutory rights, including but not exclusively, his rights under the [Fourth and Fourteenth Amendments].

The foregoing allegation offers no concrete factual information about the circumstances of the search, nor does it particularly describe the allegedly illegal actions and/or statements of

---

[1] Rec. Doc. 51.

the officers who conducted it. Nor has Parfait identified any declarants who will be testifying to the facts contained in his brief. Without the foregoing information, the undersigned cannot make a determination as to whether the search was unconstitutional.

An evidentiary hearing on a motion to suppress is required only when the defendant alleges material disputed facts which, if proven, would justify relief. FED.R.CR.P. 41(E); United States v. Harrelson, 705 F.2d 733, 737 (5th Cir. 1983). Factual allegations set forth in the motion and accompanying affidavits must be "sufficiently definite, specific, detailed, and non-conjectural, to enable the court to conclude that a substantial claim is presented." Id., *quoting* Cohen v. United States, 378 F.2d 751, 761 (9th Cir.), *cert. denied*, 389 U.S. 897, 88 S.Ct. 217, 19 L.Ed.2d 215 (1967). General or conclusory assertions will not suffice. Harrelson, 705 F.2d at 737.

Where a motion to suppress fails to raise any material issue of fact, the district has the discretion to deny the motion without an evidentiary hearing. U.S. v. Council, 1998 WL 132766, *3 (E.D.La. 1998), *citing* Harrelson, *supra*. *See also* U.S. v. Calderon, 77 F.3d 6, 9 (1st Cir. 1996) ("Defendant vaguely claims that Ms. Delgado's consent was coerced or was otherwise ineffective, but he offers no affidavit or statement from Ms. Delgado to that effect, describes no circumstances supporting his assertion, and makes no offer of proof relative to any other facts that might support his assertion. There is no basis to disturb the district court's decision [to deny the motion to suppress without an evidentiary hearing].) *Accord* United States v. Rollins, 862 F.2d 1282, 1291 (7th Cir.1988) (no hearing required where "neither ... pre-trial motion to suppress contained any statement of the facts surrounding [the defendant's] arrest, cited any authority supporting his fourth amendment argument, or w[as] supported by affidavits or other evidence");

United States v. Richardson, 764 F.2d 1514, 1528 (11th Cir.1985) (no hearing required where the motion "stated little about the particulars of the search, mentioning only that the search was warrantless and without probable cause, that 'unlawful and trespassory surveillance' occurred, and that his consent was not voluntary" and where the supporting memorandum "never described the circumstances leading to entry of the house by the government agents [nor did it] describe the scope of the search carried out by the agents or the circumstances of the 'consent' alluded to in the motion"); U.S. v. Randle, 966 F.2d 1209, 1212-13 (7th Cir.1992) (no hearing required on motion to suppress inculpatory statements and fruits of search where defendant's affidavit contained "no allegations that the agents used intimidation, force or threats of force, that they displayed weapons, or that they physically restrained [him] in any way").

Before recommending denial of the motion without an evidentiary hearing, defendant will be allowed to supplement his motion to correct the deficiencies.

**IT IS THEREFORE ORDERED** that *on or before August 21, 2006,* defendant shall file a supplemental memorandum *supported by affidavits and/or declarations under penalty of perjury.*[2] The following standards apply:

1. **Memorandum of Law:** The memorandum of law shall succinctly set forth the specific material facts in dispute which justify an evidentiary hearing, and the applicable law which entitles the defendant to relief.

2. **Contents of Declarations:**[3] Each supporting declaration shall set forth, under penalty of perjury, the specific facts upon which it is contended the motion should be granted or denied. The facts alleged must be admissible under the Federal Rules of Evidence. Declarations shall not include conclusions of law or legal argument. Each declaration shall show affirmatively that the declarant is

---

[2] *See* 28 U.S.C. 1746.

[3] Affidavits may be submitted in lieu of declarations. The same standards apply.

competent to testify to the matters stated therein.

3. **Availability of Declarants:** Each declarant shall indicate his or her intention to testify at any evidentiary hearing which may be held, and shall be available for cross-examination at any such hearing, unless the government does not dispute the facts contained in the declaration.

**IT IS FURTHER ORDERED** that a copy of the supplemental brief and supporting affidavits or declarations shall be faxed or delivered to chambers of the undersigned magistrate judge and to counsel for the government by the due date.

**IT IS FURTHER ORDERED** that the government shall file a response to the defendant's motion *on or before August 28, 2006.*

**IT IS FURTHER ORDERED** that the Clerk shall FAX a copy of this order to counsel for Parfait and counsel for the government.

Signed at Lafayette, Louisiana on August 15, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

COPY SENT:
DATE: 8/15/06
BY: Cmw
TO: mem
Haik
Parker } via fax