RECEIVED
JAN 10 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 06-60023-02 |
| VERSUS | JUDGE DOHERTY |
| KERRY PARFAIT | MAGISTRATE JUDGE METHVIN |

### MEMORANDUM RULING & ORDER

Currently pending before the Court is a "Motion and Order to Amend or Clarify Sentence" filed by defendant, Kerry Parfait. [Rec. Doc. 122] The government has opposed the motion. For the reasons that follow, the motion is **DENIED**.

On September 15, 2006, defendant appeared before this Court and entered a plea of guilty to Count One of a six count Indictment. Count One charged defendant with Conspiracy to Possess and Pass Counterfeit Obligations, a violation of 18 U.S.C. § 371. On February 28, 2007, defendant was sentenced by this Court to eighteen months imprisonment. Additionally, the Court *recommended* to the Bureau of Prisons ("BOP") that "defendant's sentence run concurrent with his state sentence, and that the defendant be given credit for time served."[1] [Rec. Doc. 109]

---

[1] At the time of his sentencing, defendant had been in state custody for approximately one year and three months for unrelated criminal activity.

Of note, after first announcing it intended to sentence defendant to 24 months incarceration (the guideline range was 18 to 24 months) *and* run the sentence consecutive to any state sentence, the Court heard argument from counsel and was persuaded to sentence defendant to 18 months imprisonment and make the recommendation to BOP that "defendant's sentence run concurrent with his state sentence, and that the defendant be given credit for time served."

-1-

Defendant has now filed the instant motion, arguing "BOP has not implemented the Court's intentions, and not run his [Mr. Parfait's] federal sentence concurrent with his state sentence and have [sic] not calculated any credit for time served." [Rec. Doc. 122, p. 2] Counsel moves the Court to:

> [A]amend or clarify its sentence to incorporate the following specific language, to wit:
>
> The defendant, Kerry Parfait, sentence is [sic] this case is to run concurrent with the sentence in the matter of *State of La. v. Kerry Parfait, 32nd JDC, Parish of Terrebonne, Do. 463,268*, beginning from the date of the defendant's indictment on July 11, 2006 through his date of sentence on February 28, 2007, eight (8) months, and that the defendant be given credit for all time served from February 28, 2007, until his release from state custody on May 11, 2007, which would be seventy-two (72) days, for a total of ten (10) months. The defendant's sentence to imprisonment shall be considered to have commenced on the date of his indictment on July 11, 2006, for the purposes of sentence computation.

Although the Court agrees with defense counsel that it was this Court's intention at sentencing *to recommend* to BOP that defendant be given credit for time served in state custody, and *to recommend* to BOP that it run defendant's state and federal sentences concurrently, the Court informed counsel at sentencing it was imposing a guideline sentence (as it found the guidelines adequately addressed the concerns, policies and factors reflected in 18 U.S.C. § 3553(a)), and thus was *without authority to do anything other than make recommendations to BOP*. Additionally, although neither party has provided the Court with the transcript of the sentencing hearing, it is this Court's memory that it specifically advised defense counsel that it had no authority to *order* BOP to follow the Court's recommendation, and that any credit given for time served would be in accordance with BOP policy. *See e.g.* Leal v. Tombone, 341 F.3d 427, 428 (5th Cir. 2003) ("The attorney general, through the Bureau of Prisons (BOP), determines what credit, if any, will be

awarded to prisoners for time spent in custody prior to the commencement of their federal sentences.") Thus, calculation of credit for time served is within the purview of BOP and not the Court.

Also, counsel has brought this motion pursuant to Federal Rule of Criminal Procedure 35(a). Rule 35(a) provides, "Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." As discussed above, the sentence imposed in this matter is not the result of arithmetical, technical, or other clear error; rather, it results from BOP declining to follow the Court's recommendation as to the manner of calculation of credit for time served. Additionally, the motion was filed approximately eight months after sentencing, and the Court has not been cited to (nor has it found through its independent research) any exception to Rule 35's seven day limitation period for "correcting" a sentence.[2] The Court agrees with the government

---

[2] Prior to November 1, 1987, Rule 35(a) read as follows: "**(a) Correction of Sentence.** The court may correct an illegal sentence <u>at any time</u> and may correct a sentence imposed in an illegal manner within the time herein for the reduction of sentence." (Emphasis by underlining added.) That provision was not retained in the current version of Rule 35. The current version of the rule was amended to allow:

> [T]he sentencing court to correct a sentence imposed as a result of an obvious arithmetical, technical or other clear error, if the error is discovered shortly after the sentence is imposed . . . .
>
>     . . . [It] is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action . . . .*The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines* or for the court simply to change its mind about the appropriateness of the sentence. Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines. Furthermore, the Committee did not intend that the rule relax any requirement that the parties state all objections to a sentence at or before the sentencing hearing."

FED. R. CRIM. P. 35 advisory committee's note (emphasis added).

that under present law defendant is not entitled to the relief he seeks under Rule 35. Rather, his proper course of action would be to petition the Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.[3] The Fifth Circuit has held that the district of the defendant's incarceration is the only district that has jurisdiction to entertain a § 2241 petition, and a district court lacking jurisdiction over the § 2241 petition has no authority or "discretion" to transfer the petition to the proper district. Lee v. Wetzel, 244 F.3d 370, 373-74 (5th Cir. 2001). Instead, the Fifth Circuit mandates that the district court dismiss the petition without prejudice, so that petitioner "may file the petition in the appropriate court if he desires." Id. at 375. As it appears petitioner is currently incarcerated within the jurisdiction of the United States District Court for the Eastern District of Texas, petitioner must bring his complaint to that court.

Due to the foregoing, the Motion and Order to Amend or Clarify Sentence is **DENIED**.

THUS DONE AND SIGNED at Lafayette, Louisiana, this 10 day of January, 2008.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[3] See U.S. v. Gabor, 905 F.2d 76, 77 -78 (5th Cir. 1990)(Defendant "'does not question the legality of his conviction or the validity of the five-year federal prison term imposed by the sentencing court. His attack instead focuses on the extent to which his sentence has been executed ...' United States v. Brown, 753 F.2d 455, 456 (5th Cir.1985). Such claims . . . must be addressed as habeas corpus petitions under 28 U.S.C. § 2241."); and Leal v. Tombone, 341 F.3d 427, 428 (5th Cir. 2003) ("The attorney general, through the Bureau of Prisons (BOP), determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences.")